IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

**STANDING ORDER FOR ALL CIVIL CASES**

Howard C. Nielson, Jr.
United States District Judge

This standing order shall apply to all civil actions pending before Judge Nielson, except that the court may make some exceptions to the requirements and procedures set forth in this order for *pro se* litigants.

## I. Subject Matter Jurisdiction

Parties invoking the federal courts' subject matter jurisdiction shall ensure that they properly allege jurisdiction in their complaints or notices of removal. For example, parties invoking the court's diversity jurisdiction under 28 U.S.C. § 1332(a) must allege the citizenship of each party.

Pleading errors regarding the citizenship of natural persons are common. For such persons, it is well settled that diversity jurisdiction turns on citizenship, not residence; that citizenship turns on domicile; and that domicile is not the same thing as residence. *See, e.g.*, *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989); *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015); *Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972). It follows that a litigant does not properly plead a natural person's citizenship by alleging only his or her residence.

Pleading errors regarding the citizenship of unincorporated associations or organizations, such as LLCs, are also common. Unlike a corporation, an unincorporated entity does not take the

citizenship of the State under whose laws it is organized or the State in which its principal place of business is located. Rather, an unincorporated entity or association is a citizen of each State of which any of its members is a citizen. *See, e.g.*, *Siloam Springs Hotel*, 781 F.3d at 1237–38. To properly plead the citizenship of an unincorporated entity, such as an LLC, a litigant thus must identify each of the entity's members and correctly plead each member's citizenship.

Parties who have not properly alleged jurisdiction should promptly amend their complaints or notices of removal, seeking leave from the court to do so if they are not entitled to do so as of right.

## II. Leave to Amend

Where a plaintiff has not filed a written motion for leave to amend and where Judge Nielson grants a motion to dismiss all of the plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6), Judge Nielson will generally dismiss the action without leave to amend unless the basis for his ruling could not have reasonably been anticipated. Judge Nielson will generally disregard requests for leave to amend made only in briefs responding to motions to dismiss, at hearings on motions to dismiss, or both.

A plaintiff who desires the opportunity to amend a complaint to cure potential defects identified in a motion to dismiss should thus amend under Federal Rule of Civil Procedure 15(a)(1) or, if amendment as of right is no longer available, file a separate, written motion for leave to amend that complies with the court's local rules before Judge Nielson hears argument on the motion to dismiss. As required by the local rules, the proposed amended complaint must be attached to the motion with the proposed amendments identified in redlines.

## III. Jurisdictional Discovery

A party seeking jurisdictional discovery in response to a motion to dismiss for lack of jurisdiction shall promptly file a separate, written motion for jurisdictional discovery that identifies with particularity the discovery sought. Judge Nielson will generally disregard requests for jurisdictional discovery made only in briefs responding to a motion to dismiss, at hearings on motions to dismiss, or both.

## IV. Motions for Leave to File a Sur-Reply

A party seeking leave to file a surreply shall attach the proposed surreply to the motion for leave to file.

## V. Motions to Exclude or Limit Expert Testimony

Judge Nielson will issue a trial order approximately three months prior to a firm trial date, which will include a deadline for filing motions in limine. Parties may file motions to exclude or limit expert testimony by this deadline. Parties are discouraged from filing motions to exclude or limit expert testimony at the earlier deadline established by the general scheduling order issued by the magistrate judge unless the party's dispositive motion depends on resolution of the motion to exclude or limit expert testimony.

## VI. Multiple Motions to Dismiss or Motions for Summary Judgment

Litigants shall file a single motion to dismiss or motion for summary judgment. Absent permission from the court, separate motions for each cause of action are not permitted.

If multiple parties are represented by the same counsel, motions and responses shall be consolidated into a single document. For example, if counsel represents multiple defendants, he or she may file only a single motion to dismiss or motion for summary judgment on behalf of all of the defendants he or she represents absent permission from the court to file separate motions.

Similarly, an attorney representing multiple plaintiffs shall file a single response to each motion to dismiss or motion for summary judgment.

If multiple parties are represented by different attorneys, the attorneys shall coordinate with one another and file a single motion to dismiss or motion for summary judgment if it is practical to do so. For example, if multiple attorneys represent multiple defendants, the attorneys should avoid filing separate motions to dismiss or motions for summary judgment for each defendant where the defendants raise similar arguments. If possible, the attorneys should instead file a single consolidated brief, noting any differences between the arguments raised by the different defendants and avoiding repetition.

The court may strike portions of briefs that are repetitive or that have been cut and pasted from other documents filed with the court.

## VII. Responses to Objections to Orders or Reports and Recommendations Issued by Magistrate Judges

Parties are strongly discouraged from filing responses to objections to orders or reports and recommendations issued by magistrate judges unless Judge Nielson:

(1) requests a response,

(2) issues a briefing schedule, or

(3) neither overrules an objection nor issues a briefing schedule within thirty (30) days of the filing of the objection.

*   *   *

**IT IS SO ORDERED.**

Dated this 28th day of July, 2026.

BY THE COURT:

Howard C. Nielson, Jr.
United States District Judge